**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LAURI D. KISSEL,**

        **Plaintiff,**

-vs-                                                    **Case No. 6:05-cv-58-Orl-JGG**

**US STEAKHOUSE BAR AND GRILL,**
**INC., and JOHN DIASSINOS,**

        **Defendants.**

_____

**MEMORANDUM OF DECISION**

This cause came on for trial before the undersigned on September 25, 2006. For the reasons set forth below, the Court renders a verdict in the amount of $12,638.84 in favor of Plaintiff, Lauri D. Kissel, and against Defendants U.S. Steakhouse Bar and Grill, Inc. ("U.S. Steakhouse") and John Diassinos, jointly and severally.

I.    **FINDINGS OF FACT**

In addition to Kissel, two other persons testified on her behalf: Todd Michaud and Susan Barber. Each of the witnesses provided credible testimony. Defendants called no witnesses. Based on the testimony of Kissel, Michaud, and Barber, the exhibits admitted into evidence, and the parties' Joint Pretrial Statement, the Court makes the following findings of fact:

Kissel was employed by the Defendants from August 3, 2003, through February 2, 2004.[1] The on-site manager was a man named "Andreas," who was employed when Kissel began work and who

---

[1] During closing arguments, Kissel limited her claim to the period of September 29, 2003 [pay period ending on October 5, 2003] through February 2, 2004.

left in early November 2003. Michaud became the on-site manager after Andreas left. During Kissel's employment, however, U.S. Steakhouse operations were controlled by Defendant John Diassinos. Diassinos would call the restaurant at least once a day to check on operations and give directions. He also decided what supplies were to be ordered and placed those orders. Diassinos also decided how much employees were to be paid and the hours they were to work.

Initially, Kissel's primary duties were waitressing. On or about September 29, 2003, Kissel began performing bartending as a second primary duty. Kissel performed other incidental duties, including acting as hostess, setting up the continental breakfast, setting up the banquet room, training wait staff and doing dishes.

The parties stipulate that Kissel's rate of pay from August 2003 to November 16, 2003, was $2.19 per hour plus tips. From November 17, 2003, to January 4, 2004, her rate of pay was $3.00 per hour plus tips. From January 5, 2004, to January 18, 2004, her rate of pay was $4.00 per hour plus tips. Docket 30-1 at 5-6.

Kissel filled out two separate time cards, one for her waitressing duties, and the other for her bartending duties. On the time cards, Kissel recorded the hours worked and the tips received. Kissel submitted her time cards on a weekly basis to the on-site manager, Andreas. Copies of the time cards were sent by facsimile to Diassinos at the end of each week. The original time cards also were sent to Diassinos by Federal Express or by the delivery man for the restaurant. With the exception of seven time cards for Kissel's bartending duties, Defendants did not keep records of the hours worked by Kissel. Plaintiff's Exh. 6. In her testimony, Kissel estimated that she worked an average of 84 hours per week while employed by Defendants.

Generally, Defendants paid Kissel for her waitressing duties through the issuance of a payroll check. Defendants paid Kissel for her bartending duties from the restaurant's petty cash. Kissel testified that she averaged $70 per week in tips. She disputes the accuracy of the tip recording on several of her paycheck stubs. Kissel reported to Andreas many of the discrepancies in her tip amounts. The Court finds that Defendants paid Kissel a total of $2,164.11 during the period in dispute, and that Kissel earned an additional $1,342.67 in tips. See Exhibit 1 attached hereto.

## II.   ANALYSIS

Kissel sued Defendants for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a), 207(a) ("FLSA"). The federal minimum wage is $5.15 per hour. An employer must pay one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per work week. Plaintiff has the burden of proving her prima facie case: (1) the existence of the employment relationship; (2) coverage, either individually or through the all inclusive "enterprise theory", (3) the employer's constructive or actual knowledge of overtime worked or wage payments in violation of the Act; and (4) the amount owed by a just and reasonable inference.

FLSA coverage exists in this case. Defendants admit that U.S. Steakhouse was an enterprise engaged in commerce as that term is defined under the 29 U.S.C. §203(s)(1). See Defendants' Answer Paragraph 1. Further, Kissel is covered under the FLSA because her job duties required her to be engaged in commerce as those terms are defined under the FLSA. See Defendants' Paragraph 1. Diassinos acted directly or indirectly in the interest of U.S. Steakhouse and is an "employer" for purposes of liability under the FLSA. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986); 29 U.S.C. §203(d).

The employee bringing suit for overtime wages under the FLSA has the burden of proving that she performed work for which she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Where the employer's time and pay records are inadequate or nonexistent, the employee may satisfy her burden by proving that she has in fact performed work for which she was improperly compensated. Once the employee produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Mt. Clemens*, 328 U.S. at 687-88.

The employer is liable for compensating an employee for all hours that the employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. §203(g). A rule against compensating for unauthorized overtime is not enough to avoid liability where the employer knows of the hours worked and takes no action to enforce its rules. *See Reich v. Dep't of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076 (11th Cir. 1994). If the employer violates either the minimum wage or overtime provisions of the FLSA, the employer is liable for the unpaid amounts, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

In this case, Defendants had actual knowledge of the hours worked by Kissel through the assignment of her work hours and the submission of her time cards. Defendants presented no evidence to controvert Kissel's estimate of the hours she worked in the absence of complete employer records. The Court, therefore, credits Kissel's estimate that she worked 84 hours per week. Based on

the number of hours worked and the amounts Defendants paid to Kissel, Defendants violated both the minimum wage and overtime provisions of the FLSA.

In calculating the amount Kissel is owed in minimum wages, the Court relied on Kissel's testimony that she averaged $70 per week in tips, unless Kissel testified to a different amount or the exhibits showed that she earned less than $70 in tips in a particular week.  The Court, therefore, calculates the amount owed to Kissel for unpaid minimum wages for the period of October 5, 2003, through February 1, 2004, as $4,280.02.  A table setting forth the Court's calculation is attached as Exhibit 1.  Defendants further owe Kissel $2,039.40 in overtime wages (18 weeks x 44 hours x $5.15 x .5).  Adding these two sums together, and adding an additional equal amount for liquidated damages, results in a total amount of $12,638.84.  Therefore, Defendants are jointly and severally liable to Kissel in the amount of $12,638.84.

The Clerk is directed to enter a separate judgment in favor of Plaintiff Lauri D. Kissel against Defendant U.S. Steakhouse Bar and Grill, Inc. in the amount of $12,638.84.  Entry of judgment against Defendant John Diassinos shall be deferred until the United States Bankruptcy Court, Southern District of Florida, lifts the automatic stay in the case of Yanni Diassinos [*a.k.a.* John Diassinos], Case No. 06-14665-JKO.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1**

| Week Ending or Date | Minimum Wage | Less Tips | Less Reg. Pay | Amount owed |
|---|---|---|---|---|
| 10-05-03 | $432.60 (84 hours x 5.15) | - $70.00 | - $97.46 | $265.14 |
| 10-09-03 | 0 | 0 | -36.00 (petty cash) | 0 |
| 10-12-03 | $432.60 | - $70.00 | - $106.22 | $220.38 |
| 10-19-03 | $432.60 | - $70.00 | - $61.32 | $301.28 |
| 10-26-03 | $432.60 | - $70.00 | - $71.18 | $291.42 |
| 11-02-03 | $432.60 | - $60.00 | - $98.55 | $274.05 |
| 11-09-03 | $432.60 | - $70.00 | - $70.08 | $292.52 |
| 11-11-03 | 0 | -$24.66 (148÷6) petty cash | 0 | 0 |
| 11-16-03 | $432.60 | - $65.00 | - $67.89 | $275.05 |
| 11-23-03 | 0 | 0 | -$84.00 (petty cash) | 0 |
| 11-23-03 | $432.60 | - $70.00 | - $69.00 | $209.60 |
| 11-30-03 | $432.60 | - $65.00 | - $100.50 | $267.10 |
| 12-07-03 | $432.60 | - $70.00 | - $120.00 | $242.60 |
| 12-10-03 | 0 | -$33.00 (198÷6) petty cash | 0 | 0 |
| 12-14-03 | $432.60 | - $70.00 | - $138.00 | $191.60 |
| 12-15-03 | 0 | -$17.44 petty cash | -$60.00 (petty cash) | 0 |

| Week Ending or Date | Minimum Wage | Less Tips | Less Reg. Pay | Amount owed |
|---|---|---|---|---|
| 12-19-03 | 0 | -$18.41 (110÷6) petty cash | 0 | 0 |
| 12-21-03 | $432.60 | - $70.00 | - $143.00 | $123.75 |
| 12-28-03 | $432.60 | - $70.00 | - $117.00 | $245.60 |
| 01-02-04 | 0 | -$19.16 (115÷6) petty cash | 0 | 0 |
| 01-04-04 | $432.60 | - $70.00 | - $133.91 | $209.53 |
| 01-07-04 | 0 | 0 | -$54.00 (petty cash) | 0 |
| 01-11-04 | $432.60 | - $70.00 | - $206.00 | $102.60 |
| 01-16-04 | 0 | 0 | -182.00 (petty cash) | 0 |
| 01-18-04 | $432.60 | - $70.00 | - $136.00 | $44.60 |
| 01-25-04 | 0 | 0 | -$12.00 (petty cash) | 0 |
| 01-25-04 | $432.60 | - $60.00 | - $0 | $360.60 |
| 02-01-04 | $432.60 | - $70.00 | - $0 | $362.60 |
| TOTAL | $7,786.80 | -$1,342.67 | -$2,164.11 | $4,280.02 |